IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

       v.                               03-CR-66-C-01

DONOVAN WILLIAMS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation offices's petition for judicial review of Donovan Williams' supervised release was held on March 13, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Stephan E. Ehlke. Defendant was present in person and by counsel, Erika L. Bierma. Also present was United States Probation Officer Richard A. Williams.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 17, 2003, following his conviction of fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 14 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $5,873.94.

Defendant began his term of supervised release on April 21, 2005, in the Eastern District of Wisconsin. Defendant violated Standard Condition No. 2, requiring him to report to the probation officer and submit monthly reports within the first five days of each month, when he failed to report for scheduled office visits on April 7, May 11 and July 27, 2006, and failed to submit monthly report forms in a timely manner. He violated Standard Condition No. 11, requiring him to to notify his probation officer of contact with law enforcement, when he failed to notify his probation officer after being stopped by law enforcement on August 1 and October 15, 2005, and after a motor vehicle accident on June 12, 2005. He violated a mandatory condition of supervised release prohibiting him from committing a federal, state or local crime, when on June 12, 2006, he operated a motor vehicle without a valid driver's license. He also violated a mandatory condition requiring him to pay restitution, when he failed to make regular payments toward his restitution obligation.

Defendant's conduct falls into the category of Grade C violations. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violation warrants revocation. Accordingly, the 36-month term of supervised release imposed on defendant on October 17, 2003, will be revoked.

Defendant's criminal history category is II. With a Grade C violation and a criminal

history category of II, defendant has an advisory guideline term of imprisonment of 4 to 10 months. The statutory maximum to which the defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which the defendant was sentenced previously was a Class C felony.

Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if the defendant is not sentenced to the statutory maximum term of imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 17, 2003, is REVOKED. Defendant is sentenced to a term of imprisonment of time served. A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of Special Condition No. 6, requiring his placement at a federally-approved residential re-entry center for a period of up to 120 days, at a facility to be determined by the Bureau of Prisons. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of

his incarceration.

    Entered this 13th day of March 2009.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      Chief District Judge