IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                 ORDER

    v.                                         03-CR-66-C-01

DONOVAN WILLIAMS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Donovan Williams's supervised release was held on November 17, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Erika L. Bierma. Also present was United States Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 17, 2003, following his conviction for fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2). This offense is a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 14 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $5,873.94.

Defendant began his term of supervised release on April 21, 2005, in the Eastern District of Wisconsin. This term of supervised release was revoked on March 13, 2009, after defendant failed to pay his court-ordered restitution as instructed, to submit timely monthly reports and to report to the probation office as instructed. Defendant was sentenced to a four-month term of imprisonment with credit for time served, with a 24-month term of supervised release to follow the term of imprisonment. All standard and special conditions of supervised release previously imposed were ordered to remain in effect, with the addition of a special condition requiring defendant to reside at a federally-approved residential re-entry center for a period of up to 120 days.

Defendant began his second term of supervised release on March 13, 2009. He served his placement at Rock Valley Community Programs in Janesville, Wisconsin, from March 19, 2009, until his successful discharge on June 12, 2009. On September 4, 2009, he violated Standard Condition No. 2, requiring him to report to the probation officer as instructed, when he failed to report to the U.S. Probation Office for a scheduled contact. He violated Standard Condition No. 3, requiring him to give truthful answers to all inquiries by the probation officer, when he provided untruthful information concerning his August 19, 2009, police contact regarding his alleged issuance of a worthless check. He violated Standard Condition No. 11, requiring him to report police contact within 72 hours, when he failed to report his August 7 and August 19, 2009, police contacts to his supervising probation officer.

Defendant's conduct falls into the category of Grade C violations. In addressing such

violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. The behavior displayed by defendant is an indication of his unwillingness to follow conditions of his supervised release and his unwillingness to accept responsibility for his violations of supervised release conditions he committed.

Defendant's criminal history category is II.  With a Grade C violation, defendant has an advisory guideline range of 4 to 10 months. The statutory maximum to which he can be sentenced upon revocation is 60 months' custody, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than five years if the offense for which defendant was sentenced previously was a Class A felony.  Defendant received four months' credit for time served after the revocation of his first term of supervised release. Accordingly, the statutory maximum term of imprisonment that can be imposed on revocation is 56 months.  Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if defendant is not sentenced to the statutory maximum term of imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the advisory guideline range.  The intent of this sentence is to hold defendant accountable for his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 13, 2009, is REVOKED. Defendant is sentenced to a term of imprisonment of ten months. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of November 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief U.S. District Judge